**THIRD DIVISION
DILLARD, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules**

**August 4, 2026**

# In the Court of Appeals of Georgia

A26A1159. TEAGUE v. THE STATE.

GOBEIL, Judge.

In July 2022, Trevon Teague pleaded guilty to aggravated child molestation. He now appeals pro se from the trial court's denial of his July 2025 motion for leave to file an out-of-time appeal. For the reasons set forth below, we affirm the trial court's order.

The record here shows that Teague entered a negotiated plea of guilty to a single count of aggravated child molestation on July 13, 2022. In connection with his guilty plea, he executed a questionnaire affirming that he was aware of the rights he was waiving via the guilty plea and that he was satisfied with his attorney's representation. The questionnaire included a certification affirming that Teague was

aware that if he wanted to challenge the guilty-plea proceedings, he would have 30 days from the entry of his guilty plea to appeal his conviction, he could file a motion to withdraw guilty plea within the remainder of the term of court, or he could file a habeas corpus action. No transcript from a guilty-plea hearing appears in the appellate record. In a judgment of conviction filed on July 13, 2022, the trial court sentenced Teague to total term of 40 years, with the first 15 years to serve in custody, to be followed by 25 years of probation.

On March 6, 2024, Teague filed a pro se motion to withdraw guilty plea in which he asserted that plea counsel was ineffective for failing to investigate Teague's claim of innocence and alibi defense. Teague claimed that "[i]nstead of mounting a defense to attack" the charges against him, plea counsel instead "convinced [Teague] that his best option was to take the plea offer rather than possibly getting a life sentence if found guilty by jury trial." The trial court denied the motion as untimely. Teague appealed the order, and we affirmed the trial court's judgment on appeal. *Teague v. State*, 375 Ga. App. 210 (915 SE2d 408) (2025). The remittitur issued on May 9, 2025.

On July 10, 2025, Teague filed the instant pro se motion for leave to file an out-of-time appeal. In his motion, he asserted for the first time that he was not informed of his right to appeal the guilty plea, and he suggested that plea counsel failed to "file a requested timely appeal immediately after the entry of his plea of guilty." The trial court denied Teague's motion, concluding that "an Out-of-Time Appeal is not the appropriate remedy for this situation." This appeal followed.

On appeal, Teague argues that his motion for out-of-time appeal complied with the statutory procedure allowing for out-of-time appeals because he showed that counsel was ineffective for denying him a timely appeal. He states that "[i]mmediately after the entry of his guilty plea," he informed plea counsel "that he was not comfortable with the plea and wanted to appeal," and counsel "said that he would take care of it." He asserts that he later discovered that no appeal was filed, and he began to research his case pro se. He argues that the trial court erred in denying his motion as untimely without a hearing to determine the ineffective assistance claim. We disagree.

As we have explained:

In *Cook v. State*, 313 Ga. 471, 506(5) (870 SE2d 758) (2022), the Supreme Court of Georgia eliminated the judicially-created out-of-time

appeal procedure in trial courts and held that any remedy involving an out-of-time appeal must be sought in habeas corpus. In response, the legislature enacted OCGA § 5-6-39.1, which became effective on May 14, 2025. See Ga. L. 2025 at 621–23, §§ 1-3, 4-1, 4-2. Under the plain language of the statute, a trial court has jurisdiction to consider a motion for leave to file an out-of-time notice of appeal only if it is filed "within 100 days from the expiration of the time period for the filing of such … notice." OCGA § 5-6-39.1(a)(1), (2). The only exception to this 100-day window is in subsection (b), which extends the deadline to file such motions in criminal cases "until June 30, 2026" if the defendant previously filed a motion for an out-of-time appeal that "was dismissed based upon the Supreme Court's decision in *Cook.*" OCGA § 5-6-39.1(b).

*Thompson v. State*, ___ Ga. App. ___, ___ (929 SE2d 279) (2026)

Here, Teague was not entitled to an out-of-time appeal because his motion for leave to file an out-of-time appeal was filed more than 100 days from the expiration of the time period for filing a notice of appeal from his guilty plea. OCGA § 5-6-39.1(a)(1). The trial court entered the judgment from Teague's guilty plea on July 13, 2022, so the time period for filing a notice of appeal expired 30 days later on August 12, 2022, OCGA § 5-6-38(a) (notices of appeal shall be filed within 30 days of the

4

appealable judgment), and Teague did not file his motion for leave to file an out-of-time appeal within 100 days of such expiration.

Further, Teague's motion for out-of-time appeal was not dismissed pursuant to *Cook* or its progeny to allow his use of the statute's exception to the 100-day deadline. OCGA § 5-6-39.1(b). Accordingly, we affirm the trial court's denial of Teague's motion for out-of-time appeal. See *Thompson*, ___ Ga. App. at ___ (vacating the grant of a defendant's motion for out-of-time appeal because the defendant filed his motion more than 100 days after the expiration of the time for filing a notice of appeal from judgment of conviction following a jury trial, and he did not have a motion for out-of-time appeal dismissed pursuant to *Cook*).

*Judgment affirmed. Dillard, P. J., and Pipkin, J., concur.*